IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 4:16-cr-00079-BHH |
| ) | |
| v. ) | |
| ) | |
| CHARLES DARREN PRATT ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Charles Darren Pratt, ("Pratt", "Defendant"), based upon the following:

1.  On January 27, 2016, an Indictment ("Indictment") was filed charging Pratt with:

    Count 1: Possession with intent to distribute a quantity of marijuana and a quantity of cocaine and cocaine base (commonly known as "crack" cocaine," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D);

    Count 2: Felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e);

    Count 3: Use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

2.  Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Pratt's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

    Firearm:

    Smith and Wesson SW40VE Model .40 caliber pistol
    Serial No.: DVH5498

>Seized on: July 7, 2015
>Asset ID: 15-ATF-026884

Ammunition[1]:

>Miscellaneous rounds of .40 caliber ammunition
>Seized on: July 7, 2015

3.      On December 6, 2016, Pratt signed a plea agreement agreeing to forfeiture and entered into a plea of guilty as to Counts 1 and 2 of the Indictment.

4.      Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §924(d), 21 U.S.C. § § 853(a)(1), 853(a)(2), 881(a)(6), 881(a)(11) and 28 U.S.C. § 2461(c).

5.      The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Pratt has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is herby **ORDERED,**

1.      The below-described property, and all right, title, and interest of the Defendant, Charles Darren Pratt, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

Firearm:

>Smith and Wesson SW40VE Model .40 caliber pistol
>Serial No.: DVH5498
>Seized on: July 7, 2015
>Asset ID: 15-ATF-026884

---

[1] The government is not seeking forfeiture of this asset.

2. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

3. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4. Upon entry of this Order, the United States Bureau of Alcohol, Tobacco, and Firearms or their designee is authorized to seized the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or

interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.     The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.     The court shall retain jurisdicition to resolve disutes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. CRim. P. 32.2(e).

10.    Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

11.    The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the Unted States Attorney's Office.

AND IT IS SO ORDERED.

<u>s/ Bruce Howe Hendricks</u>
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

January 30, 2017
Florence, South Carolina